# UNITED STATES DISTRICT COURT

### District of Kansas

(Kansas City Docket)

UNITED STATES OF AMERICA,

        **Plaintiff,**

    **v.**                    **CASE NO. 23-CR-20048-HLT**

JOSE ANTONIO HEREDIA-CHANG,
NOEL RIOS-SALAZAR,
JESUS VILLAVERDE,
JOSE CERVANTES-VALENZUELA,
MARTINA CARMONA,
JESSICA SOLANO,
DAWN DEMOTTE,
APRIL PARKS,
JEREMY YOAKUM,
GENELLE GLACKIN,
TAMMY DOMNICK,
KELLY GRAY,
MARNIE LYNN,
CHRISTOPHER MARTENS,
ROBERT HICKS,
CHAD HAVILAND,
JOEL RODRIGUEZ,
ROBERT RILEY, and
SAMUEL VANALST

        **Defendants.**

# SECOND SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES**:

1

## COUNT ONE

**CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT
TO DISTRIBUTE METHAMPHETAMINE
[21 U.S.C. § 846]**

Beginning on or about April 25, 2022, and continuing to on or about August 8, 2023, both dates being approximate and inclusive, in the District of Kansas and elsewhere, the defendants,

**JOSE ANTONIO HEREDIA-CHANG,
NOEL RIOS-SALAZAR,
JESUS VILLAVERDE,
JOSE CERVANTES-VALENZUELA,
MARTINA CARMONA,
JESSICA SOLANO,
DAWN DEMOTTE,
APRIL PARKS,
JEREMY YOAKUM,
GENELLE GLACKIN,
TAMMY DOMNICK,
KELLY GRAY,
MARNIE LYNN,
CHRISTOPHER MARTENS,
ROBERT HICKS,
JOEL RODRIGUEZ,
ROBERT RILEY,
and
SAMUEL VANALST**

knowingly and intentionally conspired with each other and with other persons, both known and unknown to the grand jury, to commit the following offenses against the United States: possession with intent to distribute methamphetamine and distribution of methamphetamine, a controlled substance, which included the reasonably foreseeable conduct of other members of the conspiracy, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(C), and the amount of

methamphetamine each defendant distributed or possessed with the intent to distribute, which included the reasonably foreseeable conduct of other members of the conspiracy was:

| DEFENDANT | QUANTITY OF METHAMPHETAMINE |
|-----------|------------------------------|
| **JOSE ANTONIO HEREDIA-CHANG, NOEL RIOS-SALAZAR, JOSE CERVANTES-VALENZUELA, GENELLE GLACKIN, KELLY GRAY, SAMUEL VANALST** | 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii). |
| **JEREMY YOAKUM, MARTINA CARMONA, JESUS VILLAVERDE, TAMMY DOMNICK, JESSICA SOLANO, DAWN DEMOTTE, APRIL PARKS, CHRISTOPHER MARTENS, MARNIE LYNN, ROBERT HICKS, JOEL RODRIGUEZ, and ROBERT RILEY** | A controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). |

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT TWO

### POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about February 2, 2023, in the District of Kansas, the defendant,

**GENELLE GLACKIN,**

knowingly and intentionally possessed with the intent to distribute 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT THREE

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about May 19, 2023, in the District of Kansas and elsewhere, the defendants,

**JOSE ANTONIO HEREDIA-CHANG,**
**and**
**JOSE CERVANTES-VALENZUELA,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT FOUR

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about June 20, 2023, in the District of Kansas and elsewhere, the defendants,

**JOSE ANTONIO HEREDIA-CHANG**
**and**

**NOEL RIOS-SALAZAR,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT FIVE

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about June 20, 2023, in the District of Kansas, the defendant,

**MARTINA CARMONA,**

knowingly and intentionally distributed methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIX

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about June 28, 2023, in the District of Kansas and elsewhere, the defendants,

**JOSE ANTONIO HEREDIA-CHANG**
**and**
**NOEL RIOS-SALAZAR,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT SEVEN

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about June 28, 2023, in the District of Kansas, the defendant,

### MARTINA CARMONA,

knowingly and intentionally distributed methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT EIGHT

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about July 5, 2023, in the District of Kansas and elsewhere, the defendants,

### JOSE ANTONIO HEREDIA-CHANG
### and
### JESUS VILLAVERDE,

knowingly and intentionally distributed methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT NINE

### POSSESSION WITH INTENT TO
### DISTRIBUTE METHAMPHETAMINE

**[21 U.S.C. § 841]**

On or about July 10, 2023, in the District of Kansas, the defendant,

**KELLY GRAY,**

knowingly and intentionally possessed with intent to distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TEN

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841]**

On or about July 10, 2023, in the District of Kansas and elsewhere, the defendants,

**JOSE ANTONIO HEREDIA-CHANG**
**and**
**NOEL RIOS-SALAZAR,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT ELEVEN

**POSSESSION WITH INTENT TO**
**DISTRIBUTE METHAMPHETAMINE**
**[21 U.S.C. § 841]**

On or about July 11, 2023, in the District of Kansas, the defendant,

**TAMMY DOMNICK,**

knowingly and intentionally possessed with intent to distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWELVE

### POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about July 13, 2023, in the District of Kansas, the defendant,

**KELLY GRAY,**

knowingly and intentionally possessed with intent to distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about July 13, 2023, in the District of Kansas and elsewhere, the defendants,

**JOSE ANTONIO HEREDIA-CHANG**
**and**
**NOEL RIOS-SALAZAR,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

### POSSESSION WITH INTENT TO
### DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about July 19, 2023, in the District of Kansas, the defendants,

### APRIL PARKS
### and
### DAWN DEMOTTE,

knowingly and intentionally possessed with intent to distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

### POSSESSION WITH INTENT TO
### DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about July 19, 2023, in the District of Kansas, the defendants,

### GENELLE GLACKIN
### and
### KELLY GRAY,

knowingly and intentionally possessed with the intent to distribute 50 grams or more of

methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT SIXTEEN

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about July 19, 2023, in the District of Kansas and elsewhere, the defendants,

**JOSE ANTONIO HEREDIA-CHANG**
**and**
**NOEL RIOS-SALAZAR,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT SEVENTEEN

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about July 20, 2023, in the District of Kansas and elsewhere, the defendants,

**JOSE ANTONIO HEREDIA-CHANG**
**and**
**NOEL RIOS-SALAZAR,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN

### POSSESSION WITH INTENT TO
### DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about July 20, 2023, in the District of Kansas, the defendant,

### GENELLE GLACKIN,

knowingly and intentionally possessed with the intent to distribute 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT NINETEEN

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about July 21, 2023, in the District of Kansas and elsewhere, the defendant,

### JOSE ANTONIO HEREDIA-CHANG,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT TWENTY

**POSSESSION WITH INTENT TO**
**DISTRIBUTE METHAMPHETAMINE**
**[21 U.S.C. § 841]**

On or about July 21, 2023, in the District of Kansas and elsewhere, the defendants,

**CHRISTOPHER MARTENS**
**and**
**MARNIE LYNN,**

knowingly and intentionally possessed with intent to distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841]**

On or about August 1, 2023, in the District of Kansas and elsewhere, the defendant,

**JOSE ANTONIO HEREDIA-CHANG,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT TWENTY-TWO

**POSSESSION WITH INTENT TO**

## DISTRIBUTE METHAMPHETAMINE
## [21 U.S.C. § 841]

On or about August 1, 2023, in the District of Kansas and elsewhere, the defendants,

**CHRISTOPHER MARTENS,**
**MARNIE LYNN,**
**and**
**ROBERT RILEY,**

knowingly and intentionally possessed with intent to distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWENTY-THREE

## TRANSFER OF A FIREARM FOR USE IN A
## DRUG TRAFFICKING CRIME
## [18 U.S.C. § 924(h)]

On or about or between July 7, 2022, and August 8, 2023, in the District of Kansas and elsewhere, the defendant,

**GENELLE GLACKIN,**

did knowingly receive and transfer a firearm, a Taurus GX4, 9mm pistol, bearing serial number 1GA25099, knowing or having reasonable cause to believe that the firearm would be used to commit a drug trafficking crime, that is Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, as charged in Count 1.

In violation of Title 18, United States Code, Section 924(h).

## COUNT TWENTY-FOUR

### USE OF A FIREARM DURING A DRUG TRAFFICKING CRIME
### [18 U.S.C. § 924(c)(1)(A)]

On or about or between July 7, 2022, and August 8, 2023, in the District of Kansas and elsewhere, the defendant,

### JOSE ANTONIO HEREDIA-CHANG,

knowingly used and carried a firearm, that is, a Taurus GX4, 9mm pistol, bearing serial number 1GA25099, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, as charged in Count 1.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT TWENTY-FIVE

### DISTRIBUTION OF METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about August 4, 2023, in the District of Kansas and elsewhere, the defendant,

### JOSE ANTONIO HEREDIA-CHANG,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT TWENTY-SIX

## POSSESSION WITH INTENT TO
## DISTRIBUTE METHAMPHETAMINE
**[21 U.S.C. § 841]**

On or about August 4, 2023, in the District of Kansas, the defendants,

**TAMMY DOMNICK**
**and**
**JOEL RODRIGUEZ,**

knowingly and intentionally possessed with intent to distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWENTY-SEVEN

## DISTRIBUTION OF METHAMPHETAMINE
**[21 U.S.C. § 841]**

On or about August 5, 2023, in the District of Kansas and elsewhere, the defendant,

**JOSE ANTONIO HEREDIA-CHANG,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT TWENTY-EIGHT

## POSSESSION WITH INTENT TO
## DISTRIBUTE METHAMPHETAMINE

**[21 U.S.C. § 841]**

On or about August 5, 2023, in the District of Kansas, the defendants,

**KELLY GRAY
and
ROBERT HICKS,**

knowingly and intentionally possessed with intent to distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWENTY-NINE

### POSSESSION WITH INTENT TO
### DISTRIBUTE METHAMPHETAMINE
**[21 U.S.C. § 841]**

On or about August 8, 2023, in the District of Kansas and elsewhere, the defendant,

**NOEL RIOS-SALAZAR,**

knowingly and intentionally possessed with the intent to distribute 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT THIRTY

### POSSESSION OF A FIREARM IN FURTHERANCE
### OF A DRUG TRAFFICKING CRIME
**[18 U.S.C. § 924(c)(1)(A)]**

On or about August 8, 2023, in the District of Kansas and elsewhere, the defendant,

**NOEL RIOS-SALAZAR,**

knowingly possessed a Kimber, Pro Carry II, .45 caliber pistol, bearing serial number KR295845, and a Smith and Wesson firearm model SD-40, .40 caliber, bearing serial number FBF9802; in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute methamphetamine, a controlled substance, as charged in Count 29.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THIRTY-ONE

### POSSESSION WITH INTENT TO DISTRIBUTE COCAINE
### [21 U.S.C. § 841(a)(1)]

On or about August 8, 2023, in the District of Kansas and elsewhere, the defendant,

**NOEL RIOS-SALAZAR,**

knowingly and intentionally possessed with intent to distribute cocaine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTY-TWO

### POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE

**[21 U.S.C. § 841]**

On or about August 8, 2023, in the District of Kansas and elsewhere, the

defendants,

**GENELLE GLACKIN,
JEREMY YOAKUM,
ROBERT RILEY,
CHRISTOPHER MARTENS,
and
MARNIE LYNN,**

knowingly and intentionally possessed with intent to distribute methamphetamine, a

controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

## COUNT THIRTY-THREE

### POSSESSION WITH INTENT TO
### DISTRIBUTE COCAINE
### [21 U.S.C. § 841]

On or about August 8, 2023, in the District of Kansas, the defendant,

**CHAD HAVILAND,**

knowingly and intentionally possessed with intent to distribute cocaine, a controlled

substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

## COUNT THIRTY-FOUR

**FELON IN POSSESSION OF FIREARMS AND AMMUNITION**
**[18 U.S.C. §§ 922(g)(1) and 924(a)(1)(D)]**

On or about August 8, 2023, in the District of Kansas, the defendant,

**ROBERT RILEY,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: on July 30, 1998, in the United States District Court for the District of Kansas- Knowingly and intentionally possessing pseudoephedrine, a listed chemical, with the intent to manufacture methamphetamine, a Schedule II controlled substance; knowingly possessed firearms, to wit: a Rock Island Armory Inc. Model 1911A1, .45 caliber pistol, bearing serial number RIA1881201 and a Taurus International Model 605, .357 caliber revolver, bearing serial number MR72594; and ammunition, and these firearms and ammunition were possessed in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(1)(D).

**COUNT THIRTY-FIVE**

**POSSESSION WITH INTENT TO**
**DISTRIBUTE METHAMPHETAMINE**
**[21 U.S.C. § 841]**

On or about September 3, 2023, in the District of Kansas, and elsewhere, the defendant,

**JESSICA SOLANO,**

knowingly and intentionally possessed with intent to distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

19

and Title 18, United States Code, Section 2.

### COUNT THIRTY-SIX

### POSSESSION WITH INTENT TO
### DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. § 841]

On or about July 29, 2022, in the District of Kansas, and elsewhere, the defendant,

**SAMUEL VANALST,**

knowingly and intentionally possessed with the intent to distribute 50 grams or more of

methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

### FORFEITURE NOTICE

1.    The allegations contained in Counts 1 through 36 of this Superseding

Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging

forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 21, United States

Code, Section 853, and Title 28, United States Code, Section 2461(c).

### CONTROLLED SUBSTANCE FORFEITURE

2.    Upon conviction of one or more of the offenses identified in Counts 1

through 36 of this Superseding Indictment, the defendants,

**JOSE ANTONIO HEREDIA-CHANG (Counts 1, 3-4, 6, 8, 10, 13, 16-17, 19, 21, 25, 27),**
**NOEL RIOS-SALAZAR (Counts 1, 4, 6, 10, 13, 16, 17, 29, 31)**
**JESUS VILLAVERDE (Counts 1 and 8),**
**JOSE CERVANTES-VALENZUELA (Counts 1 and 3),**

20

**MARTINA CARMONA (Counts 1, 5, 7),**
**JESSICA SOLANO (Counts 1, 35),**
**DAWN DEMOTTE (Counts 1, 14),**
**APRIL PARKS (Counts 1, 14),**
**JEREMY YOAKUM (Counts 1, 32),**
**GENELLE GLACKIN (Counts 1-2, 15, 18, 32),**
**TAMMY DOMNICK (Counts 1, 11, 26),**
**KELLY GRAY (Counts 1, 9, 12, 15, 28),**
**MARNIE LYNN (Counts 1, 20, 22, 32),**
**CHRISTOPHER MARTENS (Counts 1, 20, 22, 32),**
**ROBERT HICKS (Counts 1, 28),**
**CHAD HAVILAND (Count 33)**
**JOEL RODRIGUEZ (Counts 1, 26)**
**ROBERT RILEY (Counts 1, 22, 32)**
**SAMUEL VANALST (Counts 1, 36)**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense, and any property used or intended to be used, in any manner or part, to commit or facilitate the commission of the offenses including, but not limited to, the following:

A.  a Taurus Model PT1911AR, .38 Super caliber pistol with Magazine, bearing serial number LBY42874;

B.  a Colt Model Mustang, .380 caliber pistol with magazine, bearing serial number MP16072 and six rounds of ammunition;

C.  a F.N. Herstal Model Five-seven, 57 caliber, pistol bearing serial number 386388881;

D.  a F.N. Herstal Model Five-seven, 57 caliber, pistol bearing serial number 386372657;

E.  a Colt Model 1911 JAL Dark Horse, .38 caliber, pistol bearing serial number GV041292;

F.  a PlumCrazy model AR15, .556 caliber rifle, bearing serial number Z00104;

G.  2019 Volkswagen Jetta, VIN: 3VW6T7BU0KM236946;

H.  2016 Cadillac Escalade, VIN: 1GYS4CKJ8GR407486;

I.  2001 Ford F150 SVT Lightning Truck, VIN: 2FTZF07381CA99389;

J.  2016 Dodge Charger SRT, VIN: 2C3CDXEJ1GH339758;

K.  2015 Infiniti Q50, VIN: JN1BV7AP1FM352247;

L.  2021 Ford F150 Shelby Truck, VIN: 1FTMF1E5XMKE77569;

M.  2020 Kia Stinger, VIN: KNAE15LA1L6083263;

N.  2016 Tesla Model X, VIN: 5YJXCBE42GF000347;

O.  2021 Can-Am Maverick X3 Max ATV, VIN: 3JBVEAV42MK000298;

P.  ammunition seized in connection with this investigation;

Q.  United States currency seized on August 8, 2023, including but not limited to $129,880.00 and $96,161.00; and

R.  A forfeiture money judgment imposed against each defendant in an amount that equals the amount of gross proceeds obtained or derived by that defendant.

3.  Upon conviction of one or more of the offenses set forth in Counts 1 through 36 of this Superseding Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offenses, including, but not limited to:

A.  a Taurus Model PT1911AR, .38 Super caliber pistol with Magazine, bearing serial number LBY42874;

B.  a Colt Model Mustang, .380 caliber pistol with magazine, bearing serial number MP16072 and six rounds of ammunition;

C.  a F.N. Herstal Model Five-seven, 57 caliber, pistol bearing serial number 386388881;

D.  a F.N. Herstal Model Five-seven, 57 caliber, pistol bearing serial number 386372657;

    E.  a Colt Model 1911 JAL Dark Horse, .38 caliber, pistol bearing serial number GV041292;

    F.  a PlumCrazy model AR15, .556 caliber rifle, bearing serial number Z00104; and

    G.  ammunition seized in connection with this investigation.

4.    If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

July 26, 2024 _____     s/Foreperson _____
DATE                           FOREPERSON OF THE GRAND JURY

KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: /s/ Faiza H. Alhambra _____
Faiza H. Alhambra

23

Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ph: (913) 551-6904
Fax: (913) 551-6541
Email: Faiza.alhambra@usdoj.gov
Ks. S. Ct. No. 24525

IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

## PENALTIES

**Count 1: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, and Distribution of Methamphetamine, 21 U.S.C. § 846, 841(a)(1), & 841(b)(1)(C); 18 U.S.C. § 2.**

**If the defendant is responsible for 50 grams or more of methamphetamine:**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after two or more prior convictions for a serious drug felony or serious violent felony have become final, the penalties are:

- A term of imprisonment of not less than twenty-five (25) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**If the defendant is responsible for distributing a controlled substance:**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than thirty (30) years. 21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 2, 4, 6, 10, 13, 15, 16, 17, 18, 19, 21, 25, 27, 29, 36: Distribution of 50 grams or More of Methamphetamine and Possession with Intent to Distribute 50 grams or more of Methamphetamine, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii); 18 U.S.C. § 2**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after two or more prior convictions for a serious drug felony or serious violent felony have become final, the penalties are:

- A term of imprisonment of not less than twenty-five (25) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 3, 5, 7, 8, 9, 11, 12, 14, 20, 22, 26, 28, 31, 32, 35: Distribution of a Controlled Substance and Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 846; 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C); 18 U.S.C. § 2**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than thirty (30) years. 21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 23: Transfer of A Firearm For Use In A Drug Trafficking Crime [18 U.S.C. § 924(h)]

- Not more than 15 years imprisonment. 18 U.S.C. §§ 924(h)9class C)

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583.

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 24, 30: Use and Carry a Firearm During and in Relation to, and Possess a Firearm in Furtherance of, a Drug Trafficking Crime, 18 U.S.C. §§ 924(c)(1)(A) and 2

- Punishable by a term of imprisonment of not less than 5 (five) years and no more than life. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life. 18

U.S.C. § 924(c)(1)(C)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii).

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Count 34: Felon in Possession of Firearms or Ammunition, 18 U.S.C. §§ 922(g)(1) & 924(a)(1)(D)

- Punishable by a term of imprisonment of not more than five (5) years. 18 U.S.C. § 924(a)(A)(D).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.